**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS DAVIS, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 2:18-cv-00794 |
| | ) | |
| THE COUNTY OF ALLEGHENY, | ) | CHIEF DISTRICT JUDGE JOY |
| and its agencies, OFFICE OF THE | ) | FLOWERS CONTI |
| DISTRICT ATTORNEY, OFFICE | ) | |
| OF THE PUBLIC DEFENDER | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF MOTION TO**
**DISMISS THE COMPLAINT PURSUANT**
**TO RULE 12(b)(6)**

AND NOW come Defendant, Allegheny County Assistant District Attorney's Office ("DA"), by and through its undersigned counsel, averring the following in support of this Motion to Dismiss all claims against the DA set forth in the Complaint:

**I.      Background**

This is pro-se Plaintiff, Thomas Davis' ("Davis'") sixteenth Federal Court action challenging the validity of his convictions for four counts of robbery in the Court of Common Pleas of Allegheny County, Pennsylvania ("State Court").[1] Three of Davis' prior fifteen

---

[1] See: Davis v. County of Allegheny, et al., 2:18-cv-00450; Davis v. Superintendent Brian Thompson, et al., 2:17-cv-00861; Davis v. The Warden of the State Correctional Institution Mercer, 2:14-cv-00271; Davis v. Warden, S.C.I. Mercer, 2:14-cv-01387;  Davis v. Thompson, 2:12-cv-00061; Davis v. The Warden of the Allegheny County Jail, et al., 2:10-cv-00538; Davis v. County of Allegheny, et al., 2:09-cv-01452; Davis v. County of Allegheny, et al., 2:09-cv-00415; Davis v. Beard, 2:08-cv-00441; Davis v. Beard, 2:08-cv-01724; Davis v. Stowitzky, 2:06-cv-01086, Davis v. Stowitzky, No. 06-4173 (3d Cir. Dec. 14, 2006); Davis v. Walters, 2:00-cv-00884; Davis v. Superior Court of Pennsylvania, 2:99-cv-00842;  Davis v. Walters, 2:97-cv-

unsuccessful Federal Court actions were filed against the same three Defendants named in this action.[2]

The Complaint alleges that this action is brought pursuant to authority provided by 42 U.S.C. § 1983, and Fed. R. Civ. P. 60(d).   Davis seeks monetary damages under § 1983 from each of the three Defendants for alleged wrongful imprisonment.  (Comp. ¶¶ 21-24).  As in the prior actions against these Defendants, Davis again avers that, on January 9, 1990, he became the victim of an alleged unconstitutional policy implemented by the Defendants of failing to record plea negotiations.  Davis alleges that the DA, on that date, failed to honor an unrecorded, oral promise to dismiss all charges against him if DNA test on a cigarette butt "exonerated plaintiff".  (Comp. ¶¶ 17-18).  The Complaint goes on to cryptically allege that "after the unrecorded March 1990 pretrial acquittal at criminal information number 8904098 ["CC 198904098"] plaintiff remained charged and confined at said number 8904098 . . . ." (Comp, ¶ 19).   Plaintiff was not convicted or sentenced on the charges for which he was acquitted at CC 198904098.  He was instead found guilty and sentenced on various counts at CC 198904099, CC 199100184 and CC 198800171.  (See, the State Court Summary attached hereto as Exhibit A).

The Complaint expressly seeks to attack/reopen the judgment in *Davis v. County of Allegheny, et al*.,  2:09-cv-415, wherein this Court ruled that Davis' claims are barred by the two year statute of limitations provided for in § 1983 based actions and by *Heck v. Humphrey*, 512 U.S. 477 (1994).   Davis seeks to get around this prior judgment and other prior judgments finding his claims to be time barred by alleging that, pursuant to Fed. R.C.P. 60(d), he now "seeks independent action relief from the judgment entered at District court docket no. 09-415 on

00629, Certificate of Apealability denied, No. 98-3117 (3d Cir. 6/26/98); Davis v. Chesney, 2:93-cv-01217, Certificate of Probable Cause denied, No. 94-3341 (3d Cir. 1993).
[2] See: Davis v. County of Allegheny, et al., 2:18-cv-00450; Davis v. County of Allegheny, et al., 2:09-cv-00414; and Davis v. County of Allegheny, et al., 2:09-cv-01452.

the grounds of fraud upon the court."   (Comp. ¶¶ 27- 28).   Davis' appears to aver that the fraud

consists of a DA responsive pleading listing Davis' acquittal date in the case at CC198904098 as

May 3, 1991 instead of in the year 1990.  (Comp. ¶26).

      Significantly, this Court, in the Report and Recommendation entered and adopted in the

case of *Davis v. County of Allegheny, et al.* at 2:18-cv-00450 notes that Davis' Rule 60 fraud

upon the court claim has already been ruled upon stating: "we note that Plaintiff made the exact

same arguments concerning an alleged fraud upon the court in a Rule 60(b) Motion filed in

*Davis v. County of Allegheny*, Civ. A. No. 09-415 (ECF No. 81, filed on 3/5/2014), which was

denied by text order on March 6, 2014."  (See, April 19, 2018 Report and Recommendation, p. 2

and May 5, 2018 adopting Order, in *Davis v. County of Allegheny, et al*.,  2:18-cv-00450 (ECF

No. 2), a true and correct copy of which are attached hereto as Exhibits B-1 and B-2

respectively).  The fraud on the court again alleged by Davis is based on the fictitious premise

that he has been improperly incarcerated in a case in which he obtained an acquittal. (See, Comp.

¶¶ 7, 19-20 and 25-27).  This Court has also already ruled on Davis' averments of acquittal in the

Memorandum Order entered on March 23, 2010 in the case of *Davis v. County of Allegheny, et*

*al*., 2:09-cv-415, wherein the Court stated that:

> [Davis] was acquitted of some of his charges in March 1990, and
> he was aware long before his acquittal that the Defendants
> allegedly were prosecuting him in violation of some alleged plea
> agreement to not do so.  Hence, the date of his acquittal as to some
> of the charges would have started the statute of limitations running
> as to those charges for which he was acquitted. . . . Hence, his
> claims as to the alleged breach of the plea agreement and the
> Defendants' alleged policy of not having such plea agreement
> negotiations recorded or monitored, are clearly time barred with
> respect to charges he was acquitted of.   The legal significance of
> the alleged fact by Plaintiff "continues to suffer post-acquittal civil
> rights collateral consequences for the same issues of law and fact
> plaintiff was acquitted of [in] March 1990," Dkt. [37] at 3, escapes
> the Court.

(See, March 23, 2010 Memorandum Order, pp. 2-3, attached as Exhibit (F) to the Complaint and Exhibit C-2 hereto). Davis' appears to believe, based on his averments in paragraph 26 of the Complaint, that the fact that the acquittal appears to have occur on May 3, 1991, instead of "March 1990" invalidates the above quoted Memorandum Order of this Court.

## II.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient averments of fact, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This standard applies to pro se complaints as well as lawyer drafted complaints. *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion, a court can consider documents attached as exhibits to the motion as long as they are documents upon which plaintiff's claims are necessarily based and are indisputably authentic. *Steinhardt Group v. Citicorp*, 126 F.3d 144, 145 (3d Cir. 1997). A federal court may also take judicial notice of state court records and dockets. *Kalomiris v. Monroe County Syndicate*, 2009 U.S. Dist. LEXIS 1264 *9 n. 8, 2009 WL 73785, *2 n. 8 (M.D. Pa. Jan. 8, 2009).

## III.    Argument

### A.    As This Court Has Previously Ruled, Davis' § 1983 Based Claims Are Barred by the Applicable Two Year Statute of Limitations

The statute of limitations for Section 1983 cases brought in federal courts located in Pennsylvania is two years.  *Fitzgerald v. Larson*, 769 F.2d 160, 162 (3d Cir. 1985).

As this Court already ruled in its February 5, 2010 Report and Recommendation adopted by Order dated March 23, 2010, in the case of  Davis v. Allegheny County, et al., 2:09-cv-415 (ECF Doc. No. 36 and 38, attached as Exhibit C-1 and C-2 hereto):

> The Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years.  Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985)("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat. Ann. § 5524 governs all § 1983 actions brought in Pennsylvania.") Here, the allegedly wrongful acts by the Defendants giving rise to Plaintiff's cause of action occurred no later than March 2, 1990, when the Defendants failed to keep their bargain by prosecuting Plaintiff on at least some of the robbery charges if the scientific tests on the cigarette exonerated him as those tests had allegedly done.  Plaintiff did not "file" this civil action, which would stop the running (sic) of the statute of limitations, until, at the earliest, the date he delivered his complaint to the prison authorities for mailing, i.e., March 23, 2009.  Therefore, it is clear from the fact of the complaint that [Davis] failed to commence the lawsuit within the two year statute of limitations applicable to Section 1983 claims, when [Davis] alleges that they had promised to drop all charges . . . .

(February 5, 2010 Report and Recommendations, p. 4, Exhibit C-1).

Because Davis' claim based on the failure of Defendants to keep their alleged bargain with Davis on March 2, 1990 was found to be time barred in the above referenced 2009 action against these same Defendants, it certainly remains time barred nine years later in this materially identical 2018 action.   Even if the averment in paragraph 26 of the Complaint that Defendants failure to keep their alleged bargain should be considered to be May 3, 1991, it makes no difference in the outcome that Davis is time barred.

> **B.    As This Court Has Previously Ruled, Davis' § 1983 Based Claims Are Barred Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)**

*Heck v. Humphrey*, 512 U.S. 477 (1994) limits a defendant's ability to challenge a conviction or imprisonment via a civil action.  More particularly, the *Heck Court* held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S. C. § 2254.   A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87.

As this Court explained in its Report and Recommendations adopted in *Davis v. Allegheny County*, et al., 2:09-cv-415 (ECF Doc. Nos. 36 and 38) in which Davis raised the same factual averments against the same Defendants as in the present action:

> [Davis] is attempting to establish that the Defendants have a policy to permit guilty plea agreements to proceed in such a way as to violate criminal defendants' rights in Allegheny County and that this policy caused [Davis'] present confinement because the Defendants did not honor the plea agreement allegedly made to "dismiss all charges" pursuant to the alleged policy.  Plaintiff's success in establishing such claims would necessarily render his convictions or sentences invalid.   Therefore, pursuant to the reasoning of Heck, [Davis'] claims are not cognizable in this civil rights action absent an invalidation of those convictions.   [Davis] made no such showing of any invalidation of those convictions or sentences and as shown in his most recent habeas petition, of which we take judicial notice, those convictions and sentences still stand.

(February 5, 2010 Report and Recommendations, pp. 5-6, Exhibit C-1).

With specific regard to the charges for which Davis was acquitted, the Court states in this same Report and Recommendation:

> We note that to the extent [Davis] is seeking to attack Defendants' alleged policy insofar as it relates to those charges of which he was acquitted or not charged, then [Davis] was not convicted of those crimes and <u>Heck</u> would not bar an attack on those charges. However, the statute of limitations reasoning above certainly would bar any claim based on those charges given that the alleged wrongdoing on the part of the Defendants occurred so long ago.

(February 5, 2010 Report and Recommendations, p. 6, Exhibit C-1).

> ### C.   Davis' Claim for Relief Under Fed. R.C.P. 60(d) Due to Alleged Fraud on the Court is Without Merit

As this Court previously ruled in its Report and Recommendation entered and adopted in the case of *Davis v. County of Allegheny, et al.,* at 2:18-cv-00450, Davis' Rule 60 based fraud upon the court claim has already been adjudicated and dismissed.  More particularly, the Court states in its Report and Recommendation adopted in the case *of Davis v. County of Allegheny, et al.,* 2:18-cv-00450: "we note that Plaintiff made the exact same arguments concerning an alleged fraud upon the court in a Rule 60(b) Motion filed in *Davis v. County of Allegheny*, Civ. A. No. 09-415 (ECF No. 81, filed on 3/5/2014), which was denied by text order on March 6, 2014." (See, Report and Recommendation, p. 2, in *Davis v. County of Allegheny*, *et al*., 2:18-cv-00450 (ECF No. 2), a true and correct copy of which is attached hereto as Exhibit B).

Davis' fraud upon the court claim is an attempt to get around the § 1983 statute of limitations bar, and the Rule 60(c)(1) bar on filing for relief from judgment beyond one year after the judgment is entered by citing to subsection 60(d) which provides that Rule 60:

> Does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order or proceeding; (2) grant relief under 28 U.S.C. 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court.[3]

---

[3] Rule 60(d) was added to the Federal Rules in 2007.  Prior to 2007, Rule 60(b) contained a savings clause materially similar to the one now contained in Rule 60(d).  See, *Superior Seafoods, Inc. v. Tyson Foods, Inc*., 620 F.3d 873, 878 (8th Cir. 2010).

Davis' fraud on the court claim is based on the fictitious premise that he has been improperly incarcerated in a case in which he obtained an acquittal. (See, Complaint, ¶¶ 7, 19-20 and 25-27).  Alternatively, it is based on the argument that, as the result of some fraud, the Court was lead to believe that the two year statute of limitations applicable to his § 1983 claim did not begin to run in 1990 as the Court believed, but instead began to run on May 3, 1991.  (See, Comp., ¶ 26).  This Court has also already ruled on Davis' averments of acquittal in the above referenced Report and Recommendations and also in the Memorandum Order entered on March 23, 2010 in the case of *Davis v. County of Allegheny, et al.*, 2:09-cv-415, wherein the Court stated that:

> [Davis] was acquitted of some of the charges in March 1990, and he was aware long before his acquittal that the Defendants allegedly were prosecuting him in violation of some alleged plea agreement to not do so.  Hence, the date of his acquittal as to some of the charges would have started the statute of limitations running as to those charges for which he was acquitted. . . . Hence, his claims as to the alleged breach of the plea agreement and the Defendants' alleged policy of not having such plea agreement negotiations recorded or monitored, are clearly time barred with respect to charges he was acquitted of.   The legal significance of the alleged fact by Plaintiff "continues to suffer post-acquittal civil rights collateral consequences for the same issues of law and fact plaintiff was acquitted of [in] March 1990," Dkt. [37] at 3, escapes the Court.

March 23, 2010 Memorandum Order, pp. 2-3, attached as Exhibit (F) to the Complaint and Exhibit C-2 hereto.  Whether the statute of limitations began to run in "March of 1990" or on May 3, 1991 makes no difference with regard to the Court's proper finding that his claim is time barred.

In addition to the fact that the Court has already denied Davis' Rule 60 based relief, the Complaint presents no factual averments supporting a cognizable claim of fraud upon the court.

In order to challenge the validity of a conviction and sentence based on a claim of fraud on the court under Rule 60, Davis would have to demonstrate by "clear, unequivocal and convincing evidence," that there was (1) an intentional fraud; (2) directed at the court; (3) by an officer of the court; (4) that in fact deceived the court.   *United States v. Bush,* 457 Fed. Appx. 94, 96 (3d Cir. 2012).   Actions for fraud on the court are extraordinarily rare because "[t]he concept of fraud upon the court challenges the very principle upon which our judicial system is based: the finality of a judgment."   *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). "[I]ndependent actions alleging fraud upon the Court require a showing of 'egregious misconduct . . . such as bribery of a judge or jury or fabrication of evidence by counsel.'"   *Id*. at 390, quoting, *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions,* 538 A.2d 180, 195 (8th Cir. 1976).  No facts averred in the Complaint in this action come close to adequately supporting a claim of fraud upon the court.

Plaintiff's Rule 60(d) based claims should be dismissed for the additional reason that, where a filing seeks to collaterally attack an underlying conviction through a motion made pursuant to Rule 60(d), it should be treated as a successive 28 U.S.C. § 2255 petition that must be certified by a panel of the 3rd Circuit Court of Appeals pursuant to 28 U.S.C. § 2244.  *Cole v. United St*ates, 124 F. Supp. 3d 474, 481 (E.D. Pa. 2015)("While Cole is correct that there is no time deadline for bringing a fraud on the court claim, see *Hazel*-Atlas, 322 U.S. at 244, this filing [Cole's Rule 60(d) Motion] is the functional equivalent of an additional § 2255 motion and, as such, is prohibited by the restrictions on successive habeas petitions").

### D.     The Office of the District Attorney Cannot be Sued Under § 1983

Davis' § 1983 claims against the DA's Office are actually claims against Allegheny County because the DA is an independently elected officer of the County.   The County and the

9

DA's Office are therefore, one entity.  Accordingly, the DA's Office is not an entity for purposes of § 1983 liability, and cannot be sued under § 1983.  *Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997); *Briggs v. Moore*, 251 Fed. Appx. 77, 79 (3d Cir. 2007); *Dennis v. Evans*, 2011 U.S. Dist. LEXIS 25557 (M.D. Pa. Feb. 2, 2011; *Jackson v. Chester County*, 2008 U.S. Dist. LEXIS 33646, 10-11 (E.D. Pa. Apr. 23, 2008).

### E.  Davis' Claims are Barred by the Doctrine of Res Judicata/Claim Preclusion

Under both the Pennsylvania and federal Res Judicata/Claim Preclusion Doctrines, a former adjudication bars a re-adjudication of all or part of the claim that was the subject of the first action.  *Laychock v. Wells Fargo Home Mortgage*, 399 Fed. Appx. 716, 719 (3d Cir. 2010). Res judicata applies where (1) the issue sought to be precluded was involved in the prior action; (2) the issue was litigated in the prior action; (3) the issue was decided by a final and valid judgment; and (4) the determination was an essential part of the prior judgment.  *Braddy v. Sciarillo*, 2016 U.S. Dist. LEXIS 48120 *13 (M.D. Pa. April 7, 2016).

Because Davis has already fully litigated, in a prior action against the same parties, all the questions he raises in this action, he now improperly seeks a conflicting, second ruling from this Court that undermines its prior ruling which is exactly what the Doctrine of Res Judicata/Claim Preclusion is intended to prevent.

### F.  Davis' Claims are Barred by the Law of the Case Doctrine

In the prior action of *Davis v. Allegheny County, et al.*, 2:09-cv-00415, Judge Donetta W. Ambrose of this Court had before her the same parties and a complaint setting forth the same material facts.  By Order dated March 23, 2010, adopting the Report and Recommendation of Judge Amy Reynolds Hay filed February 5, 2010, Judge Ambrose found Davis' claims to be barred by the statute of limitations and additionally barred by the application of *Heck v.*

*Humphrey*, 512 U.S. 477 (1994).   Because the present Complaint is nothing more than a second attempt to assert the same factual averments against the same Defendants, in the hope of obtaining a new, conflicting ruling, undermining the prior ruling of this Court, the Complaint should be dismissed pursuant to the Law of the Case Doctrine.  This Law of the Case Doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues throughout the various stages of the same case except in extraordinary circumstances such as where new evidence or supervening law require reconsideration of the ruling.  *United States v. Wecht*, 619 F. Supp.2d 213, 222 (W.D. Pa. 2009).  Because the present action is in all material respects simply a refiling of the action already fully adjudicated by this Court in the prior action, the Law of the Case Doctrine should be applied to dismiss the present action.

## IV.     Conclusion

Based on all of the above, Defendant, Office of the District Attorney of Allegheny County respectfully requests that all claims against it in the Complaint be dismissed with prejudice as further amendment would be futile, unfairly prejudicial, and a waste of judicial resources.

Respectfully submitted,
Brucker & Porter

By: /s/ Charles J. Porter, Jr.
     Charles J. Porter, Jr.
     Attorney for Defendant, Office of the
     District Attorney of Allegheny County
     436 Seventh Avenue
     Suite 300, Koppers Bldg.
     Pittsburgh, PA  15219
     cjporterjr@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2018 a true and correct copy of the foregoing Brief in Support of Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6)  was served upon counsel of record by ECF Notice, and on the Pro se Plaintiff and defendants for whom counsel has not yet entered an appearance of record, by first class U.S. Mail, postage prepaid, addressed as follows:

**Via First Class, U.S. Mail, Postage Prepaid:**

Thomas Davis
925 Adelaide St.
Apt. 2-B
Pittsburgh, PA  15219
(Pro-se Plaintiff)

Allegheny County
c/o Allegheny County Law Dept.
445 Fort Pitt Blvd., # 300
Pittsburgh, PA  15219
(Co-Defendant)

Office of the Public Defender
542 Forbes Avenue, # 400
Pittsburgh, PA  15219
(Co-Defendant)

Respectfully submitted,
Brucker & Porter

By:  s/ Charles J. Porter, Jr.
      Charles J. Porter, Jr.
      PA ID 43676
      436 Seventh Avenue
      Suite 300, Koppers Bldg.
      Pittsburgh, PA  15219
      cjporterjr@aol.com