# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS DAVIS,** | ) CIVIL ACTION NO. 18-794 |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **THE COUNTY OF ALLEGHENY** *and its agencies,* **OFFICE OF DISTRICT ATTORNEY, OFFICE OF PUBLIC DEFENDER,** | ) |
| Defendants. | ) |

# **MEMORANDUM OPINION**

Conti, Chief District Court Judge.

In this pro se civil rights complaint, plaintiff Thomas Davis ("Davis") challenges an alleged custom, policy or practice in 1990 by Allegheny County, the office of the District Attorney and the office of the Public Defender (collectively, "defendants") of failing to record plea negotiations. Davis contends that this practice violated his due process rights under the Fourteenth Amendment. Pending before the court are motions to dismiss filed by all defendants (ECF Nos. 5, 7). Davis filed a response (ECF No. 9) and the motions are ripe for disposition. Also pending is a praecipe for default judgment (ECF No. 10) filed by Davis.

I. Factual and Procedural History

Davis avers that on February 25, 1989 (more than 28 years ago), he was arrested and charged with a series of robberies at criminal information number 8904098. In January 1990, after other plea offers were rejected, the parties orally agreed on a conditional plea agreement:

"if [Davis] would agree to a postponement of trial until March 2, 1990, for DNA testing of physical evidence, namely one Newport cigarette butt smoked by the robber and if the DNA test results exonerated plaintiff the District Attorney would dismiss all charges." (ECF No. 3 ¶ 17). This agreement was not recorded. (ECF No. 3 ¶ 17). Davis avers that on March 2, 1990, during an unrecorded oral pretrial plea promise/agreement proceeding, he was definitively acquitted of all robbery charges both in fact and in law. (ECF No. 3 ¶ 18). Davis avers that despite this "acquittal," he remained charged and confined at criminal information number 8904098. (ECF No. 3 ¶ 19). Davis was released from imprisonment on May 2, 2018. (ECF No. 3 ¶ 20). Davis seeks damages under § 1983.

Davis recognizes that on March 23, 2010, this court dismissed his civil rights action at Civil No. 09-415, which asserted the same claims.[1] (ECF Nos. 3 ¶ 25, 6-4, 6-5). He seeks relief from the judgment at Civil No. 09-415 pursuant to Federal Rule of Civil Procedure 60(d)(1) and (3), asserting it was induced by a fraud upon the court, namely that there was a misstatement of his acquittal date (May 3, 1991 versus March 2, 1990). (ECF No. 3 ¶¶ 25, 26). Davis also pleaded in the complaint that the limitations period did not accrue until his release from prison in 2018.[2] (ECF No. 3 ¶ 7).

II. Legal Analysis

Davis' complaint suffers from several incurable legal flaws and must be dismissed with prejudice. The court will briefly explain why the complaint must be dismissed on the grounds of res judicata and statute of limitations, but observes that defendants raised additional meritorious reasons for dismissal, as well.

---

[1] Davis attempted to assert similar claims against the same defendants in Civil Action No. 18-450, but was denied leave to proceed in forma pauperis. (ECF Nos. 6-2, 6-3). The court also takes judicial notice of the filings at Civil No. 09-1452, which involved the same parties.

[2] Davis did not plead any facts in the complaint about the gap in time from 1990 to 2018. The court takes judicial notice that Davis was acquitted of two robberies but convicted of four other robberies and sentenced to an aggregate term of imprisonment of 14-28 years. *Davis v. Cnty. of Allegheny*, 411 F. App'x 447, 448 (3d Cir. 2011), *also available at* Civil No. 09-415, ECF No. 53-1.

A.   Res Judicata

The doctrine of res judicata, or claim preclusion, precludes a party from relitigating the same claims against the same parties after those claims have already been decided on the merits. The doctrine applies when a defendant demonstrates that "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action. *Hickox v. Cty. of Blair*, 591 F. App'x 107, 109 (3d Cir. 2014) (citations omitted).

Davis recognizes that he previously presented the same claims against the same defendants to this court in Civil Action No. 09-415. The court determined that Davis' challenge to the alleged breach of the plea agreement to "dismiss all charges" if the DNA test on the cigarette exonerated him was barred by the applicable two-year statute of limitations. *See* Memorandum Order dated March 23, 2010, adopting Report & Recommendation dated February 5, 2010 (ECF Nos. 6-4, 6-5). The court also held that (to the extent his convictions and sentences had not been invalidated), Davis' claims were barred by the doctrine in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983). *Id.* The claims were dismissed on the merits and the case was closed. *Id.* Davis filed a motion for reconsideration, which was denied. (Civil No. 09-415, ECF Nos. 39, 40). Davis pursued a direct appeal, which the Third Circuit Court of Appeals dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) in a per curiam opinion. (Civil No. 09-415, ECF No. 53-1).

Davis' complaint in this case (Civil Action No. 18-794) improperly asks this member of the court to reconsider and overrule the decisions made in Civil Action No. 09-415. It is barred by res judicata.[3]

Davis did not allege a cognizable "fraud on the court" claim to undermine the validity of Civil Action No. 09-415. In *Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005), the Third Circuit Court of Appeals explained that such actions are "so rare" that a plaintiff has "not just a high hurdle to climb but a steep cliff-face to scale." *Id*. at 386. "The concept of fraud upon the court challenges the very principle upon which our judicial system is based: the finality of a judgment." *Id.* To state a claim, there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. A determination of fraud on the court may be justified only by the "most egregious misconduct" directed to the court itself, and must be supported by clear, unequivocal and convincing evidence. *Id*. at 386-87. Davis fell far short of this standard. Davis did not allege intentional, egregious fraud directed at the court and the alleged wrong date did not deceive the court. Regardless whether Davis' charges were dismissed in 1990 or 1991, the § 1983 limitations period expired long before he filed suit in 2009. The alleged fraud did not prejudice Davis because his claims were untimely in any event. *See Wickens v. Shell Oil Co*., 620 F.3d 747, 759 (7th Cir. 2010) ("Fraud on the court is actionable only if it prejudices the adverse party"). In summary, decisions in Civil Action No. 09-415 are valid and final and the duplicative complaint in this case must be dismissed based on res judicata.

B.  Statute of Limitations

Davis' argument that the statute of limitations period did not accrue until he was released from prison in 2018 is without merit. A cause of action under § 1983 "accrues, and the statute of

---

[3] Of course, this court has no power or authority to deviate from the mandate issued by the appellate court. *Casey v. Planned Parenthood of Se. Pennsylvania*, 14 F.3d 848, 856 (3d Cir. 1994) (citing *Briggs v. Pennsylvania R. Co*., 334 U.S. 304, 306 (1948)).

limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). This is an objective inquiry, and a court is directed to ask "not what the plaintiff actually knew but what a reasonable person should have known." *Id.* In this case, Davis knew or should have known in 1990 that he was still detained and that criminal charges were still being prosecuting against him, despite the alleged agreement to dismiss all charges. The injury on which his claims are based (i.e., his continued detention in breach of the alleged agreement) was obvious and was well known to him in 1990. There is no basis to toll the applicable two-year limitations period. As this court concluded in Civil Action No. 09-415, Davis' claims were untimely in 2009. They remain untimely in 2018.

Conclusion

For the reasons set forth above, the motions to dismiss filed by defendants (ECF Nos. 5, 7) will be GRANTED. Because amendment would be futile, the complaint will be dismissed with prejudice and without leave to amend. The praecipe for default judgment (ECF No. 10) filed by Davis will be DENIED AS MOOT.

An appropriate order follows.

August 22, 2018

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge