# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS DAVIS,** | ) CIVIL ACTION NO. 18-794 |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **THE COUNTY OF ALLEGHENY** *and its agencies,* **OFFICE OF DISTRICT ATTORNEY, OFFICE OF PUBLIC DEFENDER,** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

In this closed case, plaintiff Thomas Davis ("Davis") seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(3), (4) or (6). Davis filed identical pro se motions at ECF Nos. 20 and 21. He alleges a fraud upon the court involving corruption of the judicial process itself. Defendants filed a response in opposition to the motions (ECF No. 23) and they are ripe for decision.

As set forth more fully in the court's memorandum opinion of August 22, 2018, which granted defendants' motion to dismiss this case with prejudice, Davis contends that on February 25, 1989 (now more than 30 years ago), he was arrested and charged with a series of state robberies at Allegheny County criminal information number 8904098. Davis avers that on March 2, 1990, during an unrecorded pretrial proceeding, he was definitively acquitted of all robbery charges both in fact and in law. (ECF No. 3 ¶ 18). Davis avers that despite this "acquittal," he remained charged and confined at criminal information number 8904098. (ECF

No. 3 ¶ 19). Davis was released from imprisonment on May 2, 2018. (ECF No. 3 ¶ 20). Davis seeks damages under § 1983.

Davis recognizes that on March 23, 2010, this court dismissed his civil rights action at Civil No. 09-415, which asserted the same claims. (ECF Nos. 3 ¶ 25, 6-4, 6-5). He seeks relief from the judgment at Civil No. 09-415 pursuant to Federal Rule of Civil Procedure 60(d)(1) and (3), asserting it was induced by a fraud upon the court, namely that there was a misstatement of his acquittal date (May 3, 1991 versus March 2, 1990). (ECF No. 3 ¶¶ 25, 26). Davis also pleaded in the complaint that the limitations period did not accrue until his release from prison in 2018. (ECF No. 3 ¶ 7).

In its memorandum opinion of August 22, 2018, the court noted that Davis' complaint suffers from several incurable legal flaws and must be dismissed with prejudice, and explained why the complaint must be dismissed on the grounds of res judicata and statute of limitations. The case was marked closed.

Davis appealed to the United States Court of Appeals for the Third Circuit, which affirmed the dismissal of Davis' complaint. The court of appeals observed that Davis failed to advance any argument with respect to the doctrine of res judicata. (ECF No. 19-2). The court of appeals explained that because the complaint was properly dismissed on res judicata grounds, it did not need to address Davis' statute of limitations argument. *Id.* The court noted that Davis' argument about an incorrect date in court documents did not satisfy the "high showing" required to succeed on a theory of "fraud upon the court." *Id.*

In his pending motion, Davis essentially asks this court to improperly overrule the court of appeals' decision. Davis contends that the court of appeals fraudulently avoided addressing his statute of limitations arguments, did not notify him of the decision until the mandate was

issued several weeks later, and failed to consider his exhibits about his exoneration at CC:198904098.[1] Davis argues that these actions constitute a corruption of the judicial process.

Davis' vague and speculative accusations do not support a cognizable "fraud on the court" claim. In *Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005), the court explained that such actions are "so rare" that a plaintiff has "not just a high hurdle to climb but a steep cliff-face to scale." *Id*. at 386. "The concept of fraud upon the court challenges the very principle upon which our judicial system is based: the finality of a judgment." *Id.* To state a claim, there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. A determination of fraud on the court may be justified only by the "most egregious misconduct" directed to the court itself, and must be supported by clear, unequivocal and convincing evidence. *Id*. at 386-87.

Davis fell far short of this standard. His proper remedy, if he disagreed with the decision of the Court of Appeals for the Third Circuit, was to pursue a writ of certiorari to the United States Supreme Court. This court is not permitted to grant the relief he seeks. *See Cyclops Corp. v. United States*, 408 F. Supp. 1287, 1291 (W.D. Pa. 1976) ("The decisions of the United States Courts of Appeals, of course, are binding upon the District Courts within such Circuit.").

Conclusion

For the reasons set forth above, the motions for relief filed by Davis (ECF Nos. 20, 21) will be DENIED.

An appropriate order follows.

/s/ Joy Flowers Conti  
Joy Flowers Conti  
Senior United States District Judge

---

[1] As this court noted in its August 22, 2018 memorandum opinion, Davis was acquitted of two robberies but convicted of four other robberies and sentenced to an aggregate term of imprisonment of 14-28 years. *Davis v. Cnty. of Allegheny*, 411 F. App'x 447, 448 (3d Cir. 2011), *also available at* Civil No. 09-415, ECF No. 53-1.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS DAVIS,** | ) | CIVIL ACTION NO. 18-794 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **THE COUNTY OF ALLEGHENY** *and its agencies,* **OFFICE OF DISTRICT ATTORNEY, OFFICE OF PUBLIC DEFENDER,** | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

And now, this 25th day of June, 2019, for the reasons set forth in the accompanying memorandum opinion, it is hereby ORDERED that the motions for relief filed by Davis (ECF Nos. 20, 21) are DENIED.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge